IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY NAYLOR, | 1:11-CV-00946DLB (PC) |
| Plaintiff, | ORDER DISREGARDING MOTION FOR LEAVE TO AMEND (DOC. 6) |
| vs. | |
| SUSAN HUBBARD, et al., | AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |
| Defendants. | |
| _____/ | ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL ( DOC. 7) |

On June 27, 2011, Plaintiff filed a motion seeking leave to file an amended complaint. Pursuant to Federal Rule of Civil Procedure 15(a), Plaintiff may amend once as a matter of course. Accordingly, it is HEREBY ORDERED that Plaintiff's motion for leave to amend his complaint is disregarded.

Plaintiff is reminded that pursuant to Local Rule 220,

> every pleading to which an amendment or supplement is permitted as a matter of right or has been allowed by court order shall be . . . filed so that it is complete in itself without reference to the prior or superseded pleading. No pleading shall be deemed amended or supplemented until this Rule has been complied with.

If Plaintiff wishes to amend his complaint, he must file an amended complaint that is complete in itself and does not reference the prior complaint. Plaintiff is granted thirty (30) days from the date of service of this order in which to file his amended complaint.

1    On June 27, 2011, plaintiff filed a motion seeking the appointment of counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances. Even if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This court is faced with similar cases almost daily. Further, at this early stage in the proceedings, the court cannot make a determination that plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the court does not find that plaintiff cannot adequately articulate his claims. *Id.*

For the foregoing reasons, plaintiff's motion for the appointment of counsel is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **July 8, 2011**            /s/ **Dennis L. Beck**
                                                          UNITED STATES MAGISTRATE JUDGE