# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY NAYLOR, | 1:11-cv-0946-DLB PC |
|     Plaintiff, | ORDER DISMISSING ACTION WITHOUT LEAVE TO AMEND AS MOOT |
|     v. | |
| SUSAN HUBBARD et al., | |
|     Defendants. | |

### Screening Order

**I.     Background**

Plaintiff Jerry Naylor ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his complaint on June 10, 2011. He filed a First Amended Complaint on July 29, 2011.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

1

1    A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). While factual allegations are accepted as true, legal conclusions are not. *Id.*

## II. Summary Of First Amended Complaint And Additional Response

Plaintiff is currently incarcerated at Corcoran State Prison in Corcoran, California, where the events giving rise to this action occurred. Plaintiff names Warden Susan Hubbard, Captain Jack Smith, Associate Warden K. Comaites and Appeal Coordinator T. L. Campbell as Defendants.

According to the First Amended Complaint, Plaintiff received a Rules Violation Report ("RVR") on April 7, 2010, for "Theft of State Property." After a disciplinary hearing conducted by Defendant Comaites on April 19, 2010, Plaintiff filed an inmate appeal on May 5, 2010. At the second level response, Deputy Warden Davis issued a modification order advising Defendant Comaites to reissue and rehear the RVR based on due process violations. Prior to the resolution of the third level response, Defendant Comaites issued a modification order in which she "simply crossed out the original charge of theft of state property and wrote in by hand, 'Possession of Contraband.'" First Amended Complaint, 3-4. His third level appeal was cancelled because the RVR was "ordered reissued and reheard." Exhibit D, attached to First Amended Complaint. Plaintiff did not, however, receive a new hearing for the new charge.

Having exhausted his administrative remedies, Plaintiff filed a writ of habeas corpus in the Kern County Superior Court. On informal response, the Attorney General's Office and Prison Appeal Coordinator agreed to reissue and rehear the original RVR. Judge James LaPorte dismissed the petition as moot and ordered Plaintiff to resubmit his original inmate appeal so that the RVR could be reissued and reheard as originally instructed. Exhibit E, attached to First

Amended Complaint.

Plaintiff contends that he has requested that staff comply with the modification order numerous times and even went on a hunger strike to call attention to the issue. Defendant Smith assured Plaintiff that he would investigate and have the RVR reissued and reheard. Plaintiff also spoke to Defendant Hubbard, who told him that she would have the issue addressed. Plaintiff submitted an Inmate Request for Interview to Defendant Campbell in July 2011, but it was ignored. Exhibit G, attached to First Amended Complaint. During a July 2011 classification hearing, Plaintiff asked Defendant Comaites for assistance, but she became "irate" and the review ended without resolution of the issue.

Plaintiff alleges that Defendants continue to deliberately violate their own agreements, administrative laws and his due process rights based on the failure to reissue the RVR and provide a rehearing. He also alleges violations of California Penal Code sections 2932 and 5054-5058, sections 3320 and 3312 of Title 15 of the California Code of Regulations, and the California Constitution.

As relief, Plaintiff asks that the Court dismiss the RVR and expunge it from his central file, order Defendants to pay the $350 filing fee and award $5,000 in damages from each Defendant.

Prior to screening this amended complaint, the Court found it prudent to require a status update as to the issue of the RVR rehearing, and required the Office of the California Attorney General and Plaintiff to provide additional response. Feb. 2, 2012 Order, Doc. 13. On March 6, 2012, the Office of the California Attorney General specially appeared and filed a response. Doc. 15. The deputy attorney general indicated that on October 27, 2011, the disciplinary proceeding was dismissed. Attorney General Response, Ex. 1. On April 30, 2012 and May 21, 2012, Plaintiff provided additional notice to the Court. Plaintiff agrees with the deputy attorney general's representation. However, Plaintiff contends that the RVR remains in Plaintiff's central file, despite dismissal by the chief disciplinary officer.

### III.     **Analysis**

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. *Hewitt v. Helms*, 459 U.S. 460, 466–68 (1983). With respect to liberty interests arising from state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. *Sandin v. Conner*, 515 U.S. 472, 481–84 (1995). Liberty interests created by state law or prison regulations are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484.

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff*, 418 U.S. at 556. With respect to prison disciplinary proceedings, the minimum procedural requirements that must be met are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. *Id.* at 563–71. As long as the five minimum *Wolff* requirements are met, due process has been satisfied. *Walker v. Sumner*, 14 F.3d 1415, 1420 (9th Cir. 1994).

Based on the representations by the deputy attorney general and Plaintiff to the Court, the RVR was dismissed in the interest of justice. "A case becomes moot when 'it no longer present[s] a case or controversy under Article III, § 2, of the Constitution.'" *Wilson v. Terhune*, 319 F.3d 477, 479 (9th Cir. 2003) (quoting *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). "The case-or-controversy requirement demands that, through all stages of federal judicial proceedings, the parties 'continue to have a personal stake in the outcome of the lawsuit . . . . This means that

. . . the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *United States v. Verdin*, 243 F.3d 1174, 1177 (9th Cir. 2001) (quoting *Spencer*, 523 U.S. at 7) (internal quotations omitted). Because the RVR was dismissed, there is no actual case or controversy remaining before the Court.[1] Based on the above, Plaintiff's first amended complaint is now moot and will be dismissed with prejudice.

**ORDER**

Plaintiff's First Amended Complaint is moot. Accordingly, this action is DISMISSED WITHOUT LEAVE TO AMEND. This terminates this action in its entirety.

IT IS SO ORDERED.

Dated:   **June 8, 2012**             /s/ **Dennis L. Beck**
                                                    UNITED STATES MAGISTRATE JUDGE

---

[1] To the extent Plaintiff alleges violations of California laws and regulations, the violations do not establish federal jurisdiction. To state a claim under 42 U.S.C. § 1983, there must be a deprivation of federal constitutional or statutory rights. *See Paul v. Davis*, 424 U.S. 693 (1976). Although the court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. *See* 28 U.S.C. § 1367.